IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THABET MANAGEMENT, INC., | Civ. No. 6:20-cv-02111-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| NAUTILUS INSURANCE COMPANY, | |
| Defendant. | |

AIKEN, District Judge.

This matter comes before the Court on Defendant Nautilus Insurance Company's Motion to Dismiss or Transfer. ECF No. 12. Defendant requests that this Court dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).[1] The Court has determined that this matter is appropriate for resolution without oral argument. For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

Plaintiff Thabet Management, Inc. is an Oregon corporation with its principal place of business in Oregon. Compl. ¶ 1. Plaintiff owns and operates multiple fueling

---

[1] Although Defendant's Motion contains passing references to dismissal for failure to state a claim under Rule 12(b)(6), Defendant does not appear to argue that Plaintiff has failed to state a claim and instead focuses on the enforceability of a forum selection clause.

Page 1 –OPINION & ORDER

stations in Oregon, including the Buy II station in Canyonville, Oregon. *Id.* at ¶ 4. Defendant Nautilus Insurance Company, Inc. is an Arizona corporation with its principal place of business in Arizona. *Id.* at ¶ 2.

Plaintiff purchased an insurance policy numbered CTS2026413-11 from Defendant covering the policy period from June 6, 2019 to June 6, 2020 (the "Policy"). Compl. ¶ 8. Among other things, the Policy provided coverage for covered storage tank systems cleanup costs and third-party bodily injury and property damage liability. *Id.* As relevant to the present motion, the Policy also contains a clause entitled "Jurisdiction and Venue" which provides:

> It is agreed that in the event of the failure of the Insurer to pay any amount claimed to be due hereunder, the Insurer and the insured will submit to the jurisdiction of the State of New York and will comply with all requirements necessary to give such court jurisdiction. Nothing in this clause constitutes or should be understood to constitute a waiver of the Insurer's rights to remove an action to a United States District Court.

Gottilla Decl. Ex. A, at 18 (the "Jurisdiction Clause"). ECF No. 13.

On February 24, 2020, Plaintiff discovered a fuel volume discrepancy during a fuel delivery to the Buy II station and soon learned that one of its underground fuel tanks had ruptured and spilled a significant amount of gasoline. Compl. ¶ 4. Plaintiff promptly notified Defendant and the Oregon Department of Environmental Quality ("DEQ"). *Id.* DEQ issued a written demand alleging liability on Plaintiff's part for bodily injury, property damage, and/or cleanup costs. *Id.* at ¶ 5. A neighboring landowner also issued a written demand to Plaintiff alleging property damage from the spill. *Id.* Plaintiff notified Defendant of both demands. *Id.* Plaintiff also retained

an environmental contractor to examine, monitor, and remediate the spill. *Id.* at ¶¶ 6-7.

Although Defendant agreed to pay ongoing remediation costs and certain defense costs associated with the spill, Plaintiff alleges that Defendant misallocated its payments in order to accelerate the exhaustion of the Policy's available limits in order to prematurely terminate Defendant's obligation to defend Plaintiff. Compl. ¶¶ 10-13.

Plaintiff brought this action in the District of Oregon on December 4, 2020, alleging breach of contract and breach of the duty of good faith and fair dealing.

## LEGAL STANDARD

### I. Rule 12(b)(3)

In a Rule 12(b)(3) motion to dismiss, parties may assert the defense of improper venue by motion prior to filing a responsive pleading. Fed. R. Civ. P. 12(b)(3). "Rule 12(b)(3) allow[s for] dismissal only when venue is 'wrong' or 'improper.'" *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013).

Venue is proper in "(1) a judicial district in which any defendant resides, . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws,

and those provisions say nothing about a forum-selection clause." *Atl. Marine*, 571 U.S. at 55.

## II. Motion to Transfer Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

When ruling on a motion to transfer venue under 28 U.S.C. § 1404(a), a district court must find both that the requested venue is one in which the case might have originally been brought and that the transfer is appropriate, taking in to account the convenience of the parties and the interest of justice. *First Interstate Bank v. VHG Aviation, LLC*, 291 F. Supp.3d 1176, 1179 (D. Or. 2018). This requires "an individualized case-by-case consideration of convenience and fairness" weighing multiple factors. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cr. 2000) (internal quotation marks and citation omitted).

## DISCUSSION

Defendant moves to dismiss pursuant to Rule 12(b)(3) based on the Jurisdiction Clause of the Policy. In the alternative, Defendant moves to transfer this case to the Southern District of New York pursuant to § 1404(a).

## I. Dismissal Under Rule 12(b)(3)

"Rule 12(b)(3) allow[s] dismissal only when venue is 'wrong' or 'improper.'" *Atl. Marine*, 571 U.S. at 55. "Whether venue is 'wrong' or 'improper' depends

exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." *Id.* Because Defendant's motion seeks dismissal based on the Policy's forum-selection clause and does not contend that Oregon is an improper venue under federal venue laws, it is inappropriate under the *Atlantic Marine* rule. *Atl. Marine*, 571 U.S. at 56 ("[A] case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3)."); *see also Varcak v. Envoy Mortgage LTD*, Case No. 3:19-cv-00954-AC, 2019 WL 6887192, at *8 (D. Or. Nov. 22, 2019) (denying a motion to dismiss under Rule 12(b)(3) as inappropriate under the *Atlantic Marine* rule when the motion "appear[ed] to hinge on the presence of a forum selection clause."). Defendant's Motion to Dismiss under Rule 12(b)(3) is therefore DENIED.

## II. Transfer Based on the Jurisdiction Clause

The appropriate vehicle for enforcing a forum selection clause in federal court is a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). *Foundation Fitness Prods., LLC v. Free Motion Fitness*, 121 F. Supp.3d 1038, 1042 (D. Or. 2015). The ordinary analysis of a motion to transfer under § 1404(a) changes when the parties have a contract that includes a valid forum selection clause. *See Atl. Marine*, 571 U.S. at 62. A court must give a valid forum selection clause "controlling weight in all but the most exceptional cases." *Id.* at 63 (internal citation and quotation marks omitted). In the presence of a valid forum selection clause, the choice of forum made by the party asserting the claim but seeking to avoid the agreed-upon forum "merits

exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." *Id.* Because Defendant's motion seeks dismissal based on the Policy's forum-selection clause and does not contend that Oregon is an improper venue under federal venue laws, it is inappropriate under the *Atlantic Marine* rule. *Atl. Marine*, 571 U.S. at 56 ("[A] case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3)."); *see also Varcak v. Envoy Mortgage LTD*, Case No. 3:19-cv-00954-AC, 2019 WL 6887192, at *8 (D. Or. Nov. 22, 2019) (denying a motion to dismiss under Rule 12(b)(3) as inappropriate under the *Atlantic Marine* rule when the motion "appear[ed] to hinge on the presence of a forum selection clause."). Defendant's Motion to Dismiss under Rule 12(b)(3) is therefore DENIED.

## II. Transfer Based on the Jurisdiction Clause

The appropriate vehicle for enforcing a forum selection clause in federal court is a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). *Foundation Fitness Prods., LLC v. Free Motion Fitness*, 121 F. Supp.3d 1038, 1042 (D. Or. 2015). The ordinary analysis of a motion to transfer under § 1404(a) changes when the parties have a contract that includes a valid forum selection clause. *See Atl. Marine*, 571 U.S. at 62. A court must give a valid forum selection clause "controlling weight in all but the most exceptional cases." *Id.* at 63 (internal citation and quotation marks omitted). In the presence of a valid forum selection clause, the choice of forum made by the party asserting the claim but seeking to avoid the agreed-upon forum "merits

no weight." *Id.* Additionally, the court "should not consider arguments about the parties' private interests." *Id.* at 64. Further, the party resisting a forum selection clause bears the burden of showing the exceptional circumstances that make transfer inappropriate. *Id.* at 63. In sum, "[w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Id.* at 66.

When a court considers a motion to transfer venue involving a valid forum selection clause, it may only consider "public interests" factors, "which will rarely defeat a transfer motion." *Edwards Vacuum, LLC v. Hoffman Instrumentation Supply, Inc.*, Case No. 3:20-cv-1681-SI, 2021 WL 2355405, at *2 (D. Or. June 9, 2021) (citing *Atl. Marine*, 571 U.S. at 64). "In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Atl. Marine*, 571 U.S. at 66. "This is not to say that a forum selection clause will always be enforced, no matter what. It means that the Court, in weighing a transfer, may consider public interest factors only such as the interest of justice, and not arguments about witness convenience or other private concerns of the litigants." *Edwards Vacuum*, 2021 WL 2355405, at *2 (internal quotation marks and citation omitted).

Courts have held, however, that "the Supreme Court's 'adjustments' to the traditional analysis of forum-selection clauses apply only where a plaintiff has disregarded a contractually agreed-upon forum." *Foundation Fitness*, 121 F. Supp.3d at 1043. "When, however, a forum-selection clause is not mandatory, a majority of

federal courts have rejected the analysis employed by the Supreme Court in *Atlantic Marine*, and have instead applied the traditional analysis." *Id.* (collecting cases).

The proper starting point for the inquiry is therefore whether the Jurisdiction Clause is mandatory and requires that this case be litigated in the New York, as Defendant contends, or whether it is permissive and merely allows for the case to be filed in New York.

"Federal law governs the interpretation of forum selection clause in a diversity case." *Summit Foods, Inc. v. Viking Packaging Techs., Inc.*, Case No. 3:18-cv-1470-SI, 2018 WL 4690364, at *2 (D. Or. Sept. 28, 2018) (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988)). Whether forum selection clause is mandatory or permissive is a question of contract interpretation. *See Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987). When interpreting a contractual provision such as a forum selection clause, "the plain language of the contract should be considered first." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). A contract "is only ambiguous if reasonable people could find its terms susceptible to more than one interpretation." *Id.*

If the text of a forum selection clause is mandatory, a court must enforce the clause, absent exceptional circumstances, and venue will lie in the chosen forum only. *See Hunt Wesson*, 817 F.2d at 77. "To be mandatory, a forum selection clause must contain wording suggesting that the parties intended to designate the specified forum as the *exclusive* forum." *Summit Foods*, 2018 WL 4690364, at *2 (emphasis in

original). When the forum selection clause specifies only one permissible jurisdiction, however, the clause will generally not be enforced without some further language indicating the parties' intent to make the named jurisdiction exclusive. *N. Cal. Dist. of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995). "In other words, a forum selection clause is permissible when it merely shows that the parties have consented to jurisdiction in a particular locale, but does not preclude litigation elsewhere." *Summit Foods*, 2018 WL 4690364, at *2 (citing *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989).

> In this case, as previously noted, the Jurisdiction Clause of the Policy provides:
>
> It is agreed that in the event of the failure of the Insurer to pay any amount claimed to be due hereunder, the Insurer and the insured will submit to the jurisdiction of the State of New York and will comply with all requirements necessary to give such court jurisdiction. Nothing in this clause constitutes or should be understood to constitute a waiver of the Insurer's rights to remove an action to a United States District Court.

Gottilla Decl. Ex. A, at 18 (the "Jurisdiction Clause").

In *Hunt Wesson Food, Inc. v. Supreme Oil Co.*, 817 F.2d 75 (9th Cir. 1987), the Ninth Circuit considered a similar clause, which provided: "The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract." *Id.* at 76. The Ninth Circuit concluded that the plain meaning of the clause "is that the Orange County courts shall have jurisdiction over this action," but that the contract "says nothing about the Orange County courts having exclusive jurisdiction." *Id.* at 77. "Although the word 'shall' is a mandatory term, here it mandates nothing more than that the

Orange County courts have jurisdiction," and that neither party may object to the exercise of jurisdiction by the Orange County courts. *Id.* "Such consent to jurisdiction, however, does not mean that the same subject matter cannot be litigated in any other court," and so the Ninth Circuit found the forum selection clause to be permissive, rather than mandatory. *Id.*

In *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762 (9th Cir. 1989), by contrast, the Ninth Circuit found that a forum selection clause was mandatory where the parties not only consented to the jurisdiction of the state courts of Virginia, but agreed that "Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." *Id.* at 763. "This mandatory language makes clear that venue, the place of suit, lies exclusively in the designated county," and so "whether or not several states might otherwise have jurisdiction over actions stemming from the agreement, all actions must be filed and prosecuted in Virginia." *Id.* at 764.

The plain terms of the Jurisdiction Clause at issue here, like the forum selection clause in *Hunt Wessen*, provide only that the parties jointly consent to the jurisdiction of the courts of New York. And although the Jurisdiction Clause contains mandatory terms such as "will submit," and "will comply," the effect of the clause is only to forbid either party from contesting jurisdiction in any action on the Policy filed in New York. The Jurisdiction Clause lacks any additional indication that New York was intended to be the *exclusive* venue for such an action, as in *Docksider*. The Court therefore concludes that the Jurisdiction Clause is permissive, rather than mandatory and the adjusted analysis set forth in *Atlantic Marine* does not apply. The

Court therefore declines to transfer venue based solely on the forum selection clause. This is not, however, the end of the inquiry and the Court must consider whether transfer of venue is warranted under the traditional § 1404(a) analysis. *See Foundation Fitness*, 121 F. Supp.3d at 1043.

### III. Transfer for the Convenience of the Parties under § 1404(a)

Courts apply "a strong presumption in favor of honoring the plaintiff's choice of forum." *Creative Tech., Ltd. v. Aztech Sys. Pte. Ltd.*, 61 F.3d 696, 703 (9th Cir. 1995). The burden is on the defendant to make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

First, the court must ask whether "the transferee district was one in which the action 'might have been brought' by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). If this threshold showing is made, the court may consider "individualized, case-by-case consideration[s] of convenience and fairness," in which a forum selection clause "will be a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The Court's case-by-case consideration involves the assessment of a number of other factors, such as (1) the location where the relevant agreements were negotiated and executed, (2) the state that is familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts related to plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel

attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones*, 211 F.3d at 498-99.

In this case, the parties consented to the jurisdiction of the courts of New York by the terms of the Policy's Jurisdiction Clause, as discussed in the previous section. The Court therefore accepts that this case could have been brought in New York. Turning to the other factors, the Policy was purchased by Plaintiff through a broker located in Portland, Oregon. Thabet Decl. ¶ 4. ECF No. 19. Although the Policy contains a clause stipulating that the Policy will be interpreted in accordance with New York law, Gottilla Decl. Ex. A, at 17, Defendant concedes that the application of that provision remains to be litigated. Def. Reply at 14, n. 12. As previously noted, Plaintiff is an Oregon corporation with its principal place of business in Oregon and Defendant is an Arizona corporation with its principal place of business in Arizona. All of Plaintiff's officers reside in Oregon and Plaintiff represents that it has no contacts with the State of New York. Thabet Decl. ¶ 3. Plaintiff also represents that it would be "significantly burdensome" for it to conduct litigation in New York. *Id.* Although the Court has no reason to doubt the availability of compulsory process in New York, the events giving rise to Plaintiff's claims are clearly more closely related to Oregon than to New York and the parties would therefore have greater ease of access to sources of proof in Oregon. Even weighing the presence of a permissive forum selection clause in favor of New York, the Court concludes that Defendant has failed to overcome the presumption in favor of Plaintiff's chosen forum. Defendant's Motions to Transfer is therefore DENIED.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss or Transfer, ECF No. 12, is DENIED.

It is so ORDERED and DATED this   22nd   day of June 2021.

                                    /s/Ann Aiken
                                    ANN AIKEN
                                    United States District Judge